IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PLATYPUS HOLDINGS, LLC** *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | NO. 14-5127 |
| **JEFFREY B. RUSSELL, M.D.,** *et al.* *Defendants* | : : : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    October 14, 2014

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court is a motion filed by Plaintiff/Counterclaim Defendant Platypus Holdings, LLC ("Platypus"), [ECF 4], which seeks remand of this matter to state court based upon the lack of subject matter jurisdiction. Defendants/Counterclaim Plaintiffs Jeffrey B. Russell, M.D., and Rosemary Russell (the "Russells" or "Defendants") oppose the motion. [ECF 9]. The motion is ripe for disposition.

For the reasons set forth herein, the motion to remand is denied.

## BACKGROUND

Platypus, a limited liability company, commenced this action in state court on July 31, 2014, by filing a complaint asserting various contract and other claims which allegedly arise from a real estate venture between Platypus and Defendants. [ECF 1-1]. In the complaint, Platypus alleges that Defendants, who are citizens of Delaware, were members of Platypus until their membership was terminated on June 26, 2014. (Comp. ¶¶3-4, 54-55).

On September 5, 2014, Defendants removed this action from state court to federal court pursuant to 28 U.S.C. §1332(a) on the basis of diversity of citizenship between the parties and

that the amount in controversy exceeds $75,000 exclusive of interest and costs. [ECF 1]. On September 17, 2014, Plaintiff filed the underlying motion to remand arguing that diversity is lacking in this matter and, thus, this court lacks subject matter jurisdiction.

**LEGAL STANDARD**

Because federal courts are courts of limited jurisdiction, when there is a question as to the Court's subject matter jurisdiction, "it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits." *Zambelli Fireworks Manufacturing Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (citations omitted). Undisputedly, subject matter jurisdiction can never be waived and can be raised at any point in the litigation. *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012). If a court determines that it lacks subject matter jurisdiction, "the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

**DISCUSSION**

A civil action brought in state court may be removed by the defendant to federal court if the federal court would have had original jurisdiction over the claim. *See* 28 U.S.C. §1441(a). Pursuant to 28 U.S.C. §1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." In removed actions, like this one, "[d]iversity of citizenship must have existed at the time the complaint was filed and at the time of removal, and the burden is on the removing party to establish federal jurisdiction." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citations omitted).

In this action, the contractual dispute is between Platypus, a limited liability company, and the Russells, a married couple who reside in Delaware.[1] For purposes of jurisdiction, the Third Circuit has likened the citizenship of a limited liability company, like Platypus, to the citizenship of partnerships and other unincorporated associations and has held that the citizenship of a limited liability company is determined by the citizenship of all its members. *Zambelli*, 592 F.3d at 420. As such, a limited liability company holds the citizenship held by each of its members. *Id.*

Here, Plaintiff argues that this Court should determine the existence of diversity based upon the status of the parties at the time Plaintiff commenced suit against Defendants in another related matter, *Platypus Holdings, Inc. v. Russell, et al.*, Civ. A. No. 14-0999 (E.D. Pa.). In that related matter, when Platypus filed its complaint, diversity of citizenship was lacking because the Russells were members of Platypus and their Delaware citizenship was imputed to Platypus.[2] Plaintiff's argument, however, is misplaced because jurisdiction in any case is determined independent of any related matter. *See e.g., In re Community Bank of N. Va.*, 418 F.3d 277, 298 n. 12 (3d Cir. 2005) (holding that "each consolidated case must support an independent basis for subject matter jurisdiction."); *Aetna Cas. & Surety Co. v. Aniero Concrete Co.*, 404 F.3d 566, 569 n. 2 (2d Cir. 2005) (holding that "diversity is evaluated in terms of each individual case."); *Heck v. Bd. of Trustees, Kenyon College*, 12 F.Supp.2d 728, 747 (S.D. Ohio 1998) ("courts look at each component action in a consolidated case independently to determine whether there is subject matter jurisdiction."). Thus, this Court must view this action independent of any other

---

[1] In its complaint, Plaintiff alleges damages in excess of $75,000. Defendants do not contest the amount in controversy. Therefore, the jurisdictional amount is met.

[2] *See* this Court's October 9, 2014 memorandum opinion in *Platypus Holdings, Inc. v. Jeffrey B. Russell, M.D., et al.*, Civ. A. No. 14-0999. [ECF 43].

action that may be related, and must consider the diversity of citizenship or lack thereof of the parties at the time the complaint was filed.

According to the allegations contained in the complaint, the Russells' membership in Platypus was terminated on June 26, 2014, more than a month before Plaintiff commenced this action in state court on July 31, 2014. (*Id.* at ¶¶54-55). As such, the Russells were not members of Platypus when the lawsuit was commenced and, therefore, their Delaware citizenship cannot be imputed to Platypus. As to the other three members of Platypus, two are citizens of Pennsylvania and one is a citizen of Louisiana. Therefore, diversity of citizenship existed at the time this matter was commenced and at the time it was removed to federal court. Under the circumstances noted, this Court has subject matter jurisdiction over this action. *Cf. Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004) (reiterating long standing rule that challenges to a district court's subject matter jurisdiction based upon diversity are determined based upon the "state of facts that existed at the time of filing.").

## CONCLUSION

Based on the foregoing, this Court finds that at the time Plaintiff commenced this action, diversity existed between the parties. Accordingly, this Court has subject matter jurisdiction over this action, and Plaintiff's motion to remand is denied. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.